**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION, LOCAL UNION NO. 83
AFL-CIO,
                              Plaintiff,

v.                                         No. 05-CV-658
                                                (DRH)
SKY TECH CONSTRUCTION,
                              Defendant.

---

**APPEARANCES:**                            **OF COUNSEL:**

DAVIS, COWELL & BOWE, LL0         MICHAEL T. ANDERSON, ESQ.
Attorney for Plaintiff
1701 K Street, N.W.
Suite 210
Washington, D.C. 20006

POZEFSKY, BRAMLEY & MURPHY      WILLIAM POZEFSKY, ESQ.
Attorney for Plaintiff
90 State Street
Suite 1405
Albany, New York 12207

RICHARD A. KOHN, ESQ.
Attorney for Defendant
74 Chapel Street
Albany, New York 12207

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Sheet Metal Workers Union International, Local Union No. 83 ("Union" or

"Local 83") brought this action against Sky Tech Construction ("Sky Tech") under § 301 of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), to enforce an arbitration

award rendered pursuant to a collective bargaining agreement ("CBA"). See Compl. (Docket

No. 1). Presently pending is the Union's motion to enforce an arbitration award pursuant to Fed. R. Civ. P. 81(a)(3) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Docket No. 17. Sky Tech opposes the motion. Docket No. 27. For the reasons which follow, the Union's motion is granted.

## I. Background

The facts are presented in the light most favorable to Sky Tech as the non-moving party. See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

Sky Tech was formed in 1990 by Donald Hagen ("Hagen"), its President and founder, and specializes in the installation of skylights. Hagen Dep. (Pozefsky Aff., Docket No. 17, Ex. A) at 10, 12. Sky Tech operates throughout the United States but is based in Milford, Texas. Id. at 10-12. In 1999, Hagen hired Michael Gay, a member of Local 83, to perform various jobs across the country. Id. at 18-20. Hagen signed the Union's agreement in order to provide coverage for employees through its benefit fund program. Id. at 40-45.

In 2004, Sky Tech contracted to install skylights in San Juan, Puerto Rico at the Centro de Convention de Puerto Rico. Id. at 51-52. Sky Tech hired fifteen employees for the job, but eight were non-union and were paid at a rate below union scale. Id. at 53. On June 11, 2004, Wayne Peworchik ("Peworchik"), a representative from the Sheet Metal Workers International, discussed the Puerto Rico job with Hagen and informed him that the job was under the jurisdiction of Sheet Metal Workers Local 41 in San Juan. Id. at 55. Hagen failed to calculate union wages in determining the cost for the project and thus had to request additional funds from Center Sky Products ("Center Sky") in order to comply with the

local union's wages, benefits, and working conditions.  Id. at 55-58.  On August 9, 2004, Hagen informed Peworchik that Center Sky would not provide him with any additional money and, thus, he would not be able to comply with the local union's requests.  Id. at 58-59.

On September 8, 2004, Local 83 filed a grievance against Sky Tech with the Local Joint Adjustment Board ("LJAB") alleging that Sky Tech performed work outside Local 83's jurisdiction without applying the wages and working conditions of either the Local 83 or Local 41 agreements.  Landau Aff. (Docket No. 17) at Ex. F.  Prior to the hearing, Peworchik and Frank Parker ("Parker"), Executive Director of the Capital District Sheet Metal and Air Conditioning Contractors Association, contacted Hagen and advised him of the upcoming grievance proceeding.  Hagen Dep. at 34, 38.  However, Hagen informed Parker and Peworchik that he would probably not attend the hearing.  Id. at 34-35, 38.

On December 29, 2004, the LJAB met to address the grievance filed by Local 83 against Sky Tech.  Landau Aff. (Docket No. 17) at Ex. G.  The LJAB noted that Hagen failed to attend, have a representative attend on his behalf, or submit any evidence to support his actions with regard to the CBA.  Landau Aff. (Docket No. 17) at Ex. H.  The LJAB concluded that Sky Tech was in violation of the CBA and assessed an award of $338,040.00.  Id.  By certified letter dated January 7, 2005, the LJAB sent Sky Tech notice of its decision.  Id.  Sky Tech refused to comply with the award but did not move to have the award vacated.  Hagen Dep. at 33.  This action followed.

## II. Discussion

### A. Standard

In actions brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., the Federal Rules of Civil Procedure are superseded by the procedures used in the FAA. See Fed. R. Civ. P. 81(a)(3) ("In proceedings under Title 9, U.S.C., relating to arbitration . . . [the Federal Rules of Civil Procedure] apply only to the extent that matters of procedure are not provided for in those statutes."). "The showing required to avoid summary confirmation of an arbitration award is high . . . and a party moving to vacate the award has the burden of proof." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citations omitted). Further, "'[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" Id. (quoting Folkways Music Publishers v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993)). Thus, the district court's "'function in confirming or vacating an arbitration award is severely limited.'" Standard Microsystems, 103 F.3d at 12 (citation omitted).

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 250

4

(1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

### B. Arbitration Award

Local 83 filed the present action seeking to enforce the LJAB's arbitration award under § 301 of the Labor Management Relations Act ("LMRA"). See Compl. Local 83 contends that its arbitration award should be enforced because Sky Tech is bound by the CBA and the affirmative defenses raised in its answer are time-barred.[1] See Pl. Mem. of Law (Docket No. 17) at 12-23. Sky Tech contends that Local 83's motion should be denied because no collective bargaining relationship ever existed with Local 83 and enforcement of the award would deprive Sky Tech of its due process right to an impartial tribunal. See Def. Mem. of Law (Docket No. 27) at 13-16. More specifically, Sky Tech contends that the arbitration panel was biased because it consisted of local contractors and Local 83 officials who had a

---

[1] Local 83 also contends that even if Sky Tech had timely raised its affirmative defenses, they are groundless. See Pl. Mem. of Law at 23-24.

direct and substantial financial interest in assessing and collecting employee benefit plan contributions from Sky Tech.  See id. at 17-19.

The court need not consider the merit of Sky Tech's affirmative defenses because the company failed to bring a timely action to vacate or modify the award.  The Second Circuit has held that "grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed."  Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998).  The Second Circuit held that the appropriate New York State statute of limitations for actions filed under § 301 of the LMRA is New York Civil Practice Law and Rules ("C.P.L.R.") 7511(a).  Id. at 88 (citing Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261, 912 F.2d 608, 612 (2d Cir. 1990)).  Section 7511(a) provides that "[a]n application to vacate or modify an [arbitration] award may be made by a party within ninety days after its delivery to him."  N.Y. C.P.L.R. 7511(a) (McKinney 1998).

Here, Sky Tech failed to file a motion to stay the arbitration nor did it file a motion to vacate or modify the award within the ninety-day time limit allowed under § 7511(a).  Instead, Sky Tech remained idle as Local 83 took action to resolve the dispute.  Thus, Sky Tech is barred from raising its affirmative defenses in opposition to Local 83's petition to confirm the arbitration award.  See Porter v. Thompson Roofing & Sheet Metal Co., 85 F. Supp. 2d 194, 197-98 (W.D.N.Y. 2000), aff'd, 242 F.3d 367, 2000 WL 1761871 (2d Cir. Nov. 27, 2000); see also Local 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Duct Works, Inc., No. Civ. 03-7500 (SCR), 2006 WL 36763, at *3 (S.D.N.Y. Jan. 4, 2006); N.Y. City Dist. Council of

Carpenters Pension Fund v. Dafna Const. Co., 438 F. Supp. 2d 238, 241-42 (S.D.N.Y. 2006); Local Union 522, Int'l Bhd. of Teamsters, AFL-CIO v. Renewal Arts Contracting & Envtl. Corp., No. Civ. 02-781 (RCC), 2004 WL 213011, at *1 (S.D.N.Y. Feb 4, 2004); Bevona v. EBM Dev. Co., No. Civ. 98-6207 (JGK), 1999 WL 494116, at *3 (S.D.N.Y. July 13, 1999). As the Seventh Circuit has noted, the rule regarding challenging an arbitration award is a simple one: "If you receive notice of an adverse decision in a federal labor arbitration, challenge it within 90 days or expect to pay up."  Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Rabine, 161 F.3d 427, 434 (7th Cir. 1998); see also Parker Meridien, 145 F.3d at 89 (explaining the policy behind requiring a defendant to move timely to vacate an arbitration award).  Accordingly, there are no issues of fact to decide at trial and, thus, Local 83's arbitration award is confirmed.

### III.  Conclusion

WHEREFORE, for the reasons set forth above, it is hereby

**ORDERED** that Local 83's motion to enforce the arbitration award (Docket No. 17) is **GRANTED** as to all claims and that judgment shall be entered for Local 83.

**IT IS SO ORDERED.**

DATED: November 20, 2007
          Albany, New York

_David R. Homer_
United States Magistrate Judge